**Elouise Pepion COBELL, et al., Plaintiffs,**

v.

**Gale NORTON, Secretary of the Interior, et al., Defendants.**

**No. CIV.A. 96–1285(RCL).**

United States District Court, District of Columbia.

March 29, 2002.

Keith M. Harper, Washington, DC, Dennis Marc Gingold, Mark Kester Brown, Washington, DC, Elliott H. Levitas, Kilpatrick Stockton, LLP, Washington, DC, for plaintiffs.

Robert D. Luskin, Patton Boggs, L.L.P., Washington, DC, Tom C. Clark, Washington, DC, Susan Virginia Cook, U.S. Department of Justice, Washington, DC, Brian L. Ferrell, Andrew M. Eschen, U.S. Department of Justice, Washington, DC, Charles Walter Findlay, III, Sarah D. Himmelhoch, Washington, DC, Sandra Marguerite Schraibman, U.S. Department of Justice, Washington, DC, Commie S. Lundgren, U.S. Department of Interior, Washington, DC, Edith R. Blackwell, Washington, DC, John Charles Cruden, U.S. Department of Justice, Annandale, VA, Lewis Steven Wiener, Sutherland, Asbill & Brennan, L.L.P., Washington, DC, Mark E. Nagle, Robert Craig Lawrence, Scott Sutherland Harris, U.S. Attorney's Office, Washington, DC, J. Christopher Kohn, U.S. Department of Justice, Washington, DC, John Most, U.S. Department of Justice, Washington, DC, Jo-Ann Shyloski, Barry Weiner, Washington, DC, Terry M. Petrie, U.S. Department of Justice, Denver, CO, Seth Brandon Shapiro, U.S. Department of Justice, Washington, DC, Sandra Peavler Spooner, Peter Blaze Miller, Cynthia L. Alexander, Amalia D. Kessler, Mathew J. Fader, U.S. Department of Justice, Washington, DC, John Stemplewicz, U.S. Department of Justice, Washington, DC, Dodge Wells, Department of Justice, Washington, DC, Tracy Lyle Hilmer, U.S. Department of Justice Washington, DC, Herbert Lawrence Fenster, McKenna & Cuneo, LLP, Washington, DC, Elizabeth Wallace Fleming, Preston, Gates, Ellis & Rouvelas Meeds, Washington, DC, B. Michael Rauh, Manatt, Phelps & Phillips, L.L.P., Washington, DC, for defendants.

## MEMORANDUM AND ORDER

LAMBERTH, District Judge.

This matter comes before the Court on plaintiffs' request for sanctions against defendants under Federal Rule of Civil Procedure 37(a)(4) [424–1]. Upon consideration of the parties' memoranda, the applicable law, and the entire record herein, and for the reasons set out more fully in the Report and Recommendation of the Special Master Concerning Plaintiffs' Request for Sanctions Pursuant to Federal Rule of Civil Procedure 37(a)(4) (which the Court hereby adopts) ("Report and Recommendation Concerning Sanctions") [504], the Court concludes that the request should be granted.

Plaintiffs seek sanctions based on defendants' motion for a protective order filed January 21, 2000. In that motion, defendants argued that a blanket protective order covering all documents responsive to Paragraph 19 of the First Order for Production of Information was necessary in light of the Trade Secrets Act (18 U.S.C. § 1905), the Indian Mineral Development Act ("IMDA"), and certain Interior Department regulations. After providing the parties the opportunity to brief the matter, the Special Master issued a Report and Recommendation [444] on March 7, 2000. In his Report and Recommendation, the Special Master found that defendants' motion for a protective order should be denied with respect to the Trade Secrets Act and Department of Interior regulations, but granted insofar as the IMDA protects confidential geological information of nonparty tribes. The Court formally adopted, without objection, the Special Master's Report and Recommendation on March 29, 2000.

On May 16, 2000, the Special Master filed a separate Report and Recommendation Concerning Sanctions. After a thorough review of the parties memoranda, the relevant case law, and the record of the case, the Special Master stated that "I find the evidence both clear and convincing that sanctions are warranted. Neither the facts nor the law 'substantially justifies' Defendants' reliance on the Trade Secrets Act, on the Indian Mineral Development Act as it applies to individual Indians, or on the cited Interior Department regulations. Only defendants' attempt to shield tribal geological records from public disclosure merited consideration." Report and Recommendation Concerning Sanctions at 17. "Commensurately, [the Special Master] recommend[ed] that defendants be made to pay 75% of plaintiffs' reasonable fees and expenses arising from their opposition to [defendants'] Motion for Protective Order." Report and Recommendation Concerning Sanctions at 17 (noting that "plaintiffs have successfully refuted three of defendants' four arguments.").

Defendants filed a motion for clarification, amendment, and/or reconsideration on May 31, 2000. In the motion, however, defendants do not object to or dispute in any meaningful way the Special Master's ultimate conclusion that sanctions are warranted. Rather, Interior only "requests that the Special Master clarify, amend, and/or reconsider the statement in the Recommendation that: defendants' stated goal of limiting the unfettered disclosure of confidential information appears to have been selectively targeted at plaintiffs as evidenced by the unrestricted access to IIM data given the PRT/ISI contractors prior to March 21, 2000." Report and Recommendation Concerning Sanctions at 17.

The Special Master granted defendants' motion for clarification, amendment, and/or reconsideration on June 28, 2000[519]. Specifically, the Special Master agreed with defendants' contention that "a finding of selective enforcement required a separate and more detailed inquiry." Opinion of June 28, 2000 at 2. At the same time, however, the Special Master concluded that notwithstanding the removal of this language from his Report and Recommendation Concerning Sanctions, the motion was not substantially justified and sanctions should still be levied against the government. *Id.*

The Court agrees. Even if the relevant passage was removed from the Report and Recommendation Concerning Sanctions, it would not change this Court's view (or the Special Master's conclusion) that sanctions are warranted. The Special Master explicitly stated that his conclusion regarding sanctions was based on his findings that:

(1) defendants' position that the Trade Secrets Act warranted the imposition of a protective order was groundless in light of the overwhelming case law to the contrary and defendants' concession that they knew of no precedent holding otherwise; (2) defendants' contention that the IMDA, as it applies to individual Indians, compelled judicial protection was patently frivolous as underscored by defendants' March 31, 2000 letter admitting that, 'there has yet to be an IMDA agreement that includes individuals;' (3) the regulations cited by defendants in support of their motion proved to have no relevance whatsoever to the records in issue; (4) defendants' failure to bring these matters to the Court's attention for more than three years led to unnecessary delays in production; and (5) defendants' stated goal of limiting the unfettered disclosure of confidential information appears to have been selectively targeted at plaintiffs as evidenced by the unrestricted access to IIM data given the PRT/ISI contractors prior to March 21, 2000.

Report and Recommendation Concerning Sanctions at 16–17. Thus, even without considering the fifth reason articulated by the Special Master for imposing sanctions, the Court finds (as did the Special Master in his Opinion of June 28, 2000) that there are still several reasons for imposing sanctions against the government. Consistent with this conclusion, it is hereby

ORDERED that defendants pay 75% of plaintiffs' reasonable expenses, including attorneys' fees, arising from their opposition to defendants' motion for protective order; further, it is

ORDERED that plaintiffs submit to the court within 30 days an appropriate filing detailing the amount of reasonable expenses, including attorneys' fees, incurred as a result of opposing defendants' motion for a protective order.

SO ORDERED.